# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DANIEL LARA HERMOSILLO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **4:05CV3240** |
| | ) | |
| **MARIA DOLORES GUITERREZ** | ) | **ORDER** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Petitioner, the father of minor child Pedro Daniel Hermosillo, seeks relief pursuant to the Hague Convention on the Civil Aspect of International Child Abduction, as adopted by the International Child Abduction Remedies Act, 42 U.S.C. § 11601, *et seq.* ("ICARA"). Very briefly, Petitioner and Respondent were married in Mexico on October 25, 1996. They have one son, Pedro Daniel Hermosillo, born June 17, 1999. The parents were divorced in Mexico on May 10, 2002. The father was given visitation rights in the divorce decree. Apparently, Respondent and the minor child moved to El Paso, Texas on or about May 24, 2002. Petitioner, who works and resides in Juarez City, Mexico, exercised his visitation rights on a regular basis. Petitioner alleges that the child was habitually residing in Mexico since his birth "until his wrongful removal and wrongful retention from Mexico" on September 24, 2004, when Petitioner moved the child from El Paso to Crete, Nebraska.

At the request of Judge Kopf, a telephonic hearing was held before the undersigned on the following discovery motions:

34   Respondent's Motion for Protective Order prohibiting inquiry into her or the minor child's immigration status or documentation

38   Petitioner's Motion for Protective Order requesting that he be excused from traveling to Lincoln, Nebraska to be deposed and that his deposition be taken by telephone

42   Petitioner's Motion For Order Compelling Discovery and Denying Respondent's Motion for Protective Order concerning inquiry into Respondent's or the minor child's immigration status or documentation

The parties have complied with NECivR 7.1(i).

At trial, the Petitioner will bear the burden of proving, among other things, that the child was "habitually resident" in Mexico immediately before any breach of custody or access rights. "Federal courts are agreed that 'habitual residence' must encompass some form of 'settled purpose.' This settled purpose need not be to stay in a new location forever, but the family must have a 'sufficient degree of continuity to be properly described as settled.'" *Silverman v. Silverman*, 338 F.3d 886, 898 (8th Cir. 2003).

Under the circumstances of this case, I find that information concerning the Respondent's and child's immigration status or documentation is relevant to the claims or defenses presented in this case.  *See* Fed. R. Civ. P. 26(b)(1).  The court agrees that the relevant time period covers May 2002 through the present time.  Petitioner's Motion to Compel [42] will be granted and Respondent's Motion for Protective Order [34] will be denied.

Turning to the matter of Petitioner's deposition, the court is mindful of the Petitioner's logistical and financial concerns; however, it does not appear that Respondent can effectively conduct a telephonic deposition in this case.  The deposition will require a Spanish language interpreter, Respondent's attorney has not yet met the Petitioner in person, and it does not appear that video conferencing is a viable option.  Petitioner will be required to travel to Lincoln to be deposed at a time mutually convenient to all parties.

For these reasons,

**IT IS ORDERED:**

1.   Respondent's Motion for Protective Order [34] is denied.

2.   Petitioner's Motion for Protective Order and request for telephonic deposition [38] is denied.  Petitioner's deposition will take place in Lincoln, Nebraska at a time mutually convenient to all parties.

3.   Petitioner's Motion For Order Compelling Discovery and Denying Respondent's Motion for Protective Order [42] is granted.

**DATED November 14, 2005.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

-2-